HDM:BDM
F. #2022R00989

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

HYUN W. LEE,
also known as "Michael Lee,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No. 23cr00465 (PKC)
(T. 18, U.S.C., §§ 981(a)(1)(C), 1343, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I. The Defendant

1. The defendant HYUN W. LEE, also known as "Michael Lee," was a resident of Queens, New York.

2. The defendant HYUN W. LEE maintained an office located in Flushing, Queens where he engaged in the practice of law, including representing buyers and sellers in connection with the purchase and sale of real property.

II. The Defendant's Suspension from The Practice of Law and Disbarment

3. In an opinion issued by a panel of the Supreme Court, Appellate Division, Second Department on or about August 21, 2019, the defendant HYUN W. LEE was suspended from the practice of law in the State of New York, based upon a finding that the Grievance Committee for the Second, Eleventh, and Thirteen Judicial Districts (the "Grievance

Committee") had demonstrated LEE posed an immediate threat to the public interest by engaging in a pattern and practice of misappropriating client funds deposited into his attorney escrow account in connection with seven different matters.

4. In a per curiam opinion issued by the Supreme Court, Appellate Division, Second Department on or about March 11, 2020, the defendant HYUN W. LEE was disbarred as a result of charges by the Grievance Committee alleging that LEE engaged in a pattern and practice of misappropriating client and third-party funds with respect to seven client matters; breached his fiduciary duty, as evidenced by a negative balance in his escrow account on 22 occasions; engaged in a pattern and practice of issuing escrow checks without corresponding funds on deposit in that account; commingled personal funds with client funds in his escrow account; and failed to maintain the required bookkeeping records in relation to his escrow account.

5. The opinion also directed the defendant HYUN W. LEE to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law.

III. The Fraudulent Scheme

6. In or about and between February 2018 and May 2023, both dates being approximate and inclusive, the defendant HYUN W. LEE engaged in a scheme to defraud clients and their counterparties by inducing them to give LEE funds for the purchase of real estate based on misrepresentations that, among other things, LEE would release funds entrusted to him and

deposited in his escrow account in connection with the closing of real estate transactions. In reality, LEE misappropriated the funds entrusted to him to deposit and hold in his escrow account by using the funds for his own benefit, including gambling at casinos and for expenses at a restaurant that he partially owned. In addition, between August 2019 and May 2023, both dates being approximate and inclusive, LEE misrepresented that he was an attorney authorized to represent clients, including in connection with the purchase and sale of real estate, and to receive and hold funds in his escrow account in connection with real estate transactions. In truth, LEE had been suspended and was subsequently disbarred in or about March 2020 and was prohibited from engaging in the practice of law in the State of New York, including accepting funds from clients and third parties.

7. In furtherance of his scheme to defraud, the defendant HYUN W. LEE misled certain clients about the status of funds held in his escrow account by, among other things, fabricating documents to lead them to believe that their funds were secure. For example, on or about February 7, 2023, LEE provided the son of one of his clients with a spreadsheet purporting to show the amount of funds held on behalf of clients in his escrow account. That spreadsheet showed a current balance in LEE's escrow account of approximately $2,966,184.59. However, LEE falsified the balance information; in reality, in February 2023, the escrow account shown in the spreadsheet had a balance of no more than approximately $25,000.

8. After the defendant HYUN W. LEE misappropriated and spent funds that had been entrusted to him, LEE failed to honor requests by clients and their counterparties to release funds from his escrow account in connection with real estate transactions for which the funds were originally deposited. Specifically, LEE falsely claimed to certain individuals that he was in the process of working out an equitable method of distributing funds remaining in his

escrow account among those to whom money was owed, when in reality there was virtually no money left to distribute.

WIRE FRAUD

9. The allegations contained in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

10. In or about and between February 2018 and May 2023, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HYUN W. LEE, together with others, did knowingly and intentionally devise a scheme and artifice to defraud one or more clients and their counterparties and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds.

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

11. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

By Carolyn Pokorny, Assistant U.S. Attorney

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2022R00989

FORM DBD-34
JUN. 85

No. 23-CR-465 (PKC)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

HYUN W. LEE,

Defendant.

# INFORMATION

(T. 18, U.S.C., §§ 981(a)(1)(C), 1343, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*Foreperson*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*Clerk*

*Bail, $* _ _ _ _ _ _ _ _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

***Hiral D. Mehta and Brian D. Morris, Assistant U.S. Attorneys (718) 254-6512***