UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA                    PRELIMINARY ORDER OF FORFEITURE

           - against -                    19-CR-465 (PKC)

HYUN W. LEE,
         also known as "Michael Lee"

           Defendant.

– – – – – – – – – – – – – – – – –X

WHEREAS, on or about December 1, 2023, Hyun W. Lee, also known as "Michael Lee" (the "defendant"), entered a plea of guilty to the offense charged in the Sole Count of the above-captioned Information, charging a violation of 18 U.S.C. §1343; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant has consented to the entry of a forfeiture money judgment in the amount of three million, two hundred seventy-five thousand, eight hundred eighty-eight dollars and seventy-four cents ($3,275,888.74) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title, and interest in approximately twenty-five thousand one hundred eighty-five dollars and three cents ($25,185.03) on deposit in Metro City Bank account number 162000475 held in the name of Law Office of Michael Lee & Associates, and all proceeds traceable thereto (the "Subject Account"), as any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of the defendant's violation of 18 U.S.C. §1343, and/or substitute assets, pursuant to 21 U.S.C. § 853(p).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1.    Pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and interest in the Subject Account.  Upon final forfeiture of the Subject Account to the United States, the value thereof shall be credited towards the defendant's payment of the Forfeiture Money Judgment.

2.    All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the instrument.  The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Brian D. Morris, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201.  The Forfeiture Money Judgment shall be paid in full 30 days in advance of sentencing (the "Due Date").

3.    Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Subject Account, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

4.    The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Subject Account in such a manner as the Attorney General or his designee may direct.  The United States may, to the extent

practicable, provide direct written notice to any person known or alleged to have an interest in the Subject Account as a substitute for published notice as to those persons so notified.

5.      Any person, other than the defendant, asserting a legal interest in the Subject Account may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Account, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).  Any petition filed in response to the notice of forfeiture of the Subject Account must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6.      The defendant shall not file or interpose any claim or petition seeking remission or contesting the forfeiture of the Subject Account or any property against which the United States seeks to enforce the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding.  The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Subject Account and the payment of the Forfeiture Money Judgment to the United States.  The defendant shall take whatever steps are necessary to ensure that clear title to the Subject Account passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Subject Account to the United States.  Further, if any third party files a claim to the Subject Account, the defendant will assist the government in

defending such claims.  If the Subject Account or Forfeiture Money Judgment, or any portion

thereof, are not forfeited to the United States, the United States may seek to enforce this

Preliminary Order against any other assets of the defendant up to the value of the Subject

Account, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21

U.S.C. § 853(p).  The defendant further agrees that the conditions of 21 U.S.C. §

853(p)(1)(A)-(E) have been met.

   7. The defendant knowingly and voluntarily waives his right to any

required notice concerning the forfeiture of the monies and/or properties forfeited hereunder,

including notice set forth in an indictment or information or administrative notice.  In

addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on

the forfeiture of said monies and/or properties, and waives all constitutional, legal and

equitable defenses to the forfeiture of said monies and/or properties, including, but not

limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of

the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth

Amendment, including a claim of excessive fines.

   8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary

Order shall become final as to the defendant at the time of the defendant's sentencing and

shall be made part of the defendant's sentence and included in his judgment of conviction.  If

no third party files a timely claim, this Preliminary Order, together with Supplemental Orders

of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim.

P. 32.2(c)(2).  At that time, the monies and/or properties forfeited herein shall be forfeited to

the United States for disposition in accordance with the law.

9.      The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.  The United States alone shall hold title to the Subject Account following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

10.     The forfeiture of the Subject Account and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

11.     This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12.     This Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

13.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14.    The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Nicole Brown, ProMinds Paralegal, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated:    Brooklyn, New York
                     February 7                , 2024

SO ORDERED:

_s/Hon. Pamela K. Chen_
HONORABLE PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK